IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FARMLAND MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AGCO CORPORATION, )<br>)<br>Defendant. ) | Case No. 07-2004-JPO |

## ORDER IN LIMINE

This is an equipment fire damage and insurance subrogation case. The equipment at issue is a model 8104 Terra Gator, a large off-road vehicle used to apply fertilizer. The plaintiff, Farmland Mutual Insurance Company, claims that a product defect in a certain model 8104 Terra Gator ("Terra Gator No. 1"), manufactured by the defendant, AGCO Corporation, started a fire and caused extensive damage to Terra Gator No. 1 and two other agricultural vehicles parked nearby.

Jury trial is scheduled to begin on March 24, 2008. On March 20, 2008, the court convened a status and limine conference. Plaintiff appeared through counsel, James J. Boteler and Dan Biles. Defendant appeared through counsel, Thomas R. Larson and Leland H. Corley. During the conference, the court addressed the parties' motions in limine (**docs. 78 & 82**). Counsel were accorded an opportunity to supplement their written submissions with oral argument.

In ruling on the parties' motions in limine, the court applies the following standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.

*First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000) (internal quotations and citations omitted).

**Plaintiff's Motion in Limine (doc. 78)**. The court has reviewed plaintiff's motion, its supporting memorandum (doc. 79), and defendant's response (doc. 89).[1] As explained below, plaintiff's motion is granted in part and denied in part.

First, plaintiff requests that Neal Perkins be precluded from offering expert testimony or opinions because he is a lay witness and has not been designated by defendant as an expert.[2] Defendant agrees with plaintiff's request for such a ruling in limine and thus

---

[1] Defendant filed its response to plaintiff's motion in limine one day after the deadline stated in the court's pretrial order (*see* doc. 41, at 22). However, defendant received both plaintiff's consent and the court's leave to file the response one day late before doing so.

[2] According to defendant's final witness disclosures, filed pursuant to Fed. R. Civ. P. 26(a)(3) (doc. 74), Mr. Perkins is expected to testify as follows:

> Mr. Perkins was formerly employed by Defendant as a technical service manager. Mr. Perkins is expected to testify concerning the wiring and

plaintiff's motion is granted as unopposed with respect to this issue. Specifically, Mr. Perkins shall not offer any testimony or opinions about whether the insulation on the cables of the subject equipment can abrade and the effect of the cables' position or relationship to each other on the probability of abrasion.

Second, plaintiff requests that the court preclude evidence that plaintiff's subrogor-insured, Quality Feed & Fertilizer, Inc. ("Quality Feed"), misused or substantially altered Terra Gator No. 1 from the time it left defendant's possession and control. Plaintiff argues that there simply is no evidence in this case to support a contention that Terra Gator No. 1 was misused or substantially altered, and therefore *any* statement to that effect would be improper and unfairly prejudice and confuse the jury. Although defendant generally does not oppose plaintiff's request, defendant does wish to present evidence on two discrete aspects of misuse. The first concerns Quality Feed's installation of a business-band radio in Terra Gator No. 1. The second concerns the possibility that arson was the cause of the fire. Defendant asserts that the business-band radio installed by Quality Feed constitutes a

---

electrical system for the model 8104 Terra Gator, including the mechanical push-pull cable and the battery in question, and the routing for those cables through the compartment where Plaintiff's expert suggests the fire started. Mr. Perkins is also expected to testify concerning Defendant's quality control and inspection procedures concerning the 8104 Terra Gators. Mr. Perkins is also expected to testify that Defendant has not experienced any claims or lawsuits (other than the present lawsuit) involving electrical fires in model 8104 Terra Gators. *Mr. Perkins is also expected to testify that the relationship of the two cables to one another does not make it more likely for the insulation on the cables to abrade and to any matter discussed in his deposition* (emphasis added).

substantial alteration to Terra Gator No. 1 which defendant's expert believes to be a *possible* cause of the fire. Defendant's expert believes another possible cause of the fire was arson, which defendant claims constitutes a misuse of Terra Gator No. 1 regardless of who actually committed the arson.

Under Fed. R. Evid. 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Fed. R. Evid. 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Plaintiff seems to argue that because defendant's expert, Ralph Shirley, testified at his deposition that the addition of the radio was the only significant alteration to Terra Gator No. 1 and that he did not investigate how the radio was installed or find any evidence that the radio failed and caused the fire, this evidence should be excluded. Plaintiff also points to the deposition testimony of Neil Perkins, who as earlier indicated is defendant's former technical service manager, to the effect that there was no evidence that Terra Gator No. 1 had been misused.

Strategically, the court is inclined to question whether it would be prudent for defendant to raise a lot of sand during trial about such possible or theoretical causes of the fire, only to have to admit during closing argument that it has no witness, lay or expert, who

can really say how it happened.  In any event, based on the very limited record at this point, the court is unable to conclude that *all* evidence of product misuse or substantial alteration is inadmissible.  If defendant actually pursues this line of inquiry on direct examination of Mr. Shirley, mindful of the considerable risks of doing so, then the court will give plaintiff considerable leeway on cross-examination with regard to Mr. Shirley's limited investigation and conclusions as to the installation of the radio or the possibility of arson.  Plaintiff's motion is denied as to this issue.

Third, plaintiff suggests defendant should be precluded from referring to the cost of the Terra Gators used to replace the two Terra Gators destroyed in the fire because, as a matter of law, replacement cost is not the proper measure of damages recoverable by plaintiff.  In this regard, as agreed during the limine conference, the court notes the parties have jointly submitted a jury instruction that the appropriate measure of damages for Terra Gator No. 1 is the difference between its fair and reasonable market value immediately before and after the fire (*see* doc. 93 at 23).  Therefore, plaintiff argues that evidence of replacement cost would confuse the jury.

Defendant acknowledges that normally plaintiff's arguments are correct but this case is different for two reasons.  Defendant argues that the replacement cost is relevant to the credibility of Quality Feed's owner, who denied that he profited from the fire and that his business had any motive to commit arson.  As earlier indicated, defendant argues that arson is one of the possible causes of the fire and that the replacement cost may help prove motive for arson.  The court finds that, while the costs of replacing the two Terra Gators may not be

directly relevant to calculating plaintiff's damages, such evidence is relevant to the credibility of Quality Feed's owner and to the issue of motive for arson. Therefore, the court denies plaintiff's motion as to this request.

Lastly, plaintiff requests that the court preclude defendant from referring to any certificates of compliance relating to industry standards from any vendor or manufacturer of the battery or mechanical cable installed in Terra Gator No. 1. Plaintiff's motion pointed out that such evidence should be excluded because, among other things, defendant never produced a copy of any certificates of compliance during discovery. *See* Fed. R. Civ. P. 37(c)(1). During the limine conference, defendant withdrew Exhibit 131, the purported certificate of which plaintiff complained, and therefore this part of the motion is denied as moot.

Beyond the actual certificate, though, defendant states that its specifications for parts to be used in Terra Gators require both the mechanical and battery cables to be insulated to performance standards in compliance with the standards published by the Society of Automotive Engineers. Defendant's engineer is expected to testify that the cables complied with the specifications. During the limine conference, plaintiff acknowledged that evidence along these very limited lines would be unobjectionable. The court does not envision allowing defendant to ask any questions of witnesses about whether the equipment actually was certified by any third party, as defendant already has acknowledged that it would be unable to overcome plaintiff's hearsay and authenticity objections. In any event, this part of plaintiff's motion in limine also is denied as moot.

**Defendant's Motion in Limine (doc. 82)**.  The court has reviewed defendant's motion, its supporting memorandum (doc. 83), and plaintiff's response (doc. 87).  As explained below, defendant's motion is granted in part and denied in part.

Defendant requests that nine separate topics be kept from the jury.  Plaintiff only opposes four of those requests.  Defendant's motion is therefore granted as to these five requests plaintiff does not oppose:

> Any claims related to claimed electrical problems on Terra Gators which are located in any area other than the electrical compartment located in the rear, right-hand corner of the cab which is the area identified by Plaintiff's as the area of origin and the area of defect in this tractor.
>
> Any claim or argument by Plaintiff Farmland that this fire was caused by a defect which is claimed to be the fault of Defendant AGCO and which defect is located or relates to any part of the tractor other than the claimed defect by Mr. Martin related to the positioning of the mechanical and electrical cable in the electrical compartment in the right rear of the cab and the claimed abrading of same.
>
> Testimony, reference and report or other statement by fire investigator, Ron Oldridge regarding his statement that the cause of the fire "is more likely than not accidental, associated with the electrical system of the unit."  Mr. Oldridge's report goes on to conclude "the actual cause is undetermined at this time."  Mr. Oldridge is entitled to testify to possible causes of the fire but should testify live to all possible causes of the fire inasmuch as he has reached no conclusion as to the actual cause of the fire.
>
> The sentence in Mr. Oldridge's report mentioned in the preceding paragraph and specifically the phrase stating that the cause is more likely than not "associated with the electrical system of the unit."

> Any claim or evidence regarding a fire in a Terra Gator owned by Mountain View Co-op and discussed in an exhibit listed by Plaintiffs which is a document produced by Defendant AGCO Corporation in that the fire involved in said Terra Gator was not electrical in origin and did not originate in and was not located in the electrical compartment in the right rear of the cab, but was rather located under the hood of the Terra Gator.[3]

As to the contested parts of the motion, defendant first requests that plaintiff's expert, James L. Martin, be precluded from testifying that the routing of the cables in Terra Gator No. 1 constituted a "manufacturing defect." This request is the only one addressed in defendant's supporting memorandum. Defendant argues that Mr. Martin is unqualified to offer an opinion concerning a manufacturing defect on a vehicle such as a Terra Gator, especially given the basis for his anticipated testimony.

Plaintiff argues defendant's motion is untimely, as the deadline in the final pretrial order (doc. 41) for filing motions regarding expert testimony has passed. Further, plaintiff argues that U.S. District Judge John W. Lungstrum already made a *Daubert* ruling in this case, to the effect that Mr. Martin's testimony is admissible.

The court agrees with plaintiff. The deadline to file motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705 was twenty-eight days before trial; defendant did not file its motion until March 10, 2008, just fourteen days before trial. Defendant's motion is clearly late, and defendant has offered to excuse. Further, Judge Lungstrum previously denied defendant's *Daubert* motion to exclude Mr. Martin's testimony

---

[3] Doc. 82, at 2-3.

(*see* doc. 61). Defendant's memorandum in support of its *Daubert* motion included the same argument that Mr. Martin is not qualified to give an opinion as to the existence of a manufacturing defect.[4] Indeed, defendant relied on the same case it does in its current motion to support the proposition. The undersigned U.S. Magistrate Judge, James P. O'Hara, who is set to try this case with the parties' consent, has been given no reason, let alone a persuasive one, to question Judge Lungstrum's prior ruling. Further, even assuming for the sake of discussion that Judge Lungstrum's ruling was in error, defendant failed to file a timely motion for reconsideration.[5] The court is unpersuaded that defendant is entitled to a second bite at the apple, and therefore denies defendant's motion as to this request.[6]

---

[4] Doc. 30, at 7.

[5] *See* D. Kan. Rule 7.3(b) (motions for reconsideration of non-dispositive orders must be filed within ten days of the order's filing). Judge Lungstrum filed his order denying defendant's prior motion with regard to plaintiff's expert on January 29, 2008. Defendant's instant motion in limine was not filed until March 10, 2008, nearly one month after the case had been transferred to the undersigned magistrate judge for trial with the parties' consent.

[6] Although not raised in defendant's motion, plaintiff acknowledged during the limine conference that its expert disclosure for Mr. Martin, served pursuant to Fed. R. Civ. P. 26(a)(2), does not specifically use the term "manufacturing defect." Defendant acknowledges, however, that the disclosure does specifically talk about the battery cable in Terra Gator No. 1 coming into contact and abrading against a mechanical cable, damaging the insulation on the cables and allowing the electrical current to arc to the mechanical cable. Under the unique circumstances presented, including defendant's prior opportunity to fully explore this issue with Judge Lungstrum, the undersigned finds there is an insufficient basis under Fed. R. Civ. P. 37(c)(1) to preclude Mr. Martin from testifying about an alleged "manufacturing defect." That is, the omission of that precise term from the Rule 26(a)(2) disclosure strikes the court as fairly harmless. But the court intends to give defense counsel wide berth in cross-examining Mr. Martin about this omission from the latter's expert witness disclosure.

Defendant also requests the court preclude Mr. Martin from testifying that the insulation on the mechanical cable and the battery cable abraded as a result of vibration. Defendant argues Mr. Martin did not conduct any testing to determine how much vibration occurs in the operation of a Terra Gator and did not conduct testing of the wires to determine how much vibration would cause them to abrade or even if it was possible for them to abrade. Here again, plaintiff argues that defendant missed the deadline to file a motion challenging expert testimony and that Judge Lungstrum already has ruled Mr. Martin's methodology was sufficiently reliable and that he would be allowed to testify.

Defendant's request to exclude this part of Mr. Martin's anticipated testimony is untimely. The court again finds this is a request made pursuant to Fed. R. Evid. 702 which should have been made at least twenty-eight days before trial. Further, although defendant may have articulated its arguments slightly differently in support of its previous motion to exclude Mr. Martin's testimony, Judge Lungstrum found Mr. Martin's methods sufficiently reliable and suggested defendant's arguments go more to the weight of Mr. Martin's testimony than to its admissibility. The court therefore denies defendant's motion as to this request.

Defendant next requests the court preclude evidence suggesting defendant's investigation of this matter was either delayed, incomplete, or not sufficiently thorough. Defendant's sole statement in support of this request is that such allegations relate solely to its trial preparation and do not refer to any of the true issues in the case which predate the fire and are defined by the pretrial order. Plaintiff suggests such evidence goes directly to the

weight and credibility of defendant's product-safety engineer's investigation of the incident and his testimony. The court finds that defendant has not specifically shown that such evidence would be inadmissible on any relevant ground. Therefore, the court denies defendant's motion as to this issue.

Lastly, defendant's motion requests that the court preclude evidence of warranty work on Terra Gator No. 1 which does not relate to electrical problems, especially electrical problems which might be related to plaintiff's claims regarding the cause and origin of this fire and relating to the wiring in the electrical compartment in the right rear corner of the cab. Defendant states that such evidence should be limited specifically to proof that none of the previous warranty claims had anything to do with the electrical compartment. Plaintiff argues that such warranty work helps establish that Terra Gator No. 1 reached Quality Feed without substantial change. Plaintiff also claims that either all warranty work or no warranty work should be admitted. As candidly acknowledged by defendant during the limine conference, the warranty evidence plaintiff proposes to present would reasonably allow the jury to draw an inference that plaintiff had *not* misused the equipment, i.e., rebutting one of defendant's key contentions in this case. Based on the foregoing, the court finds that defendant has not met its burden to show that evidence of warranty work unrelated to electrical problems is inadmissible on any relevant ground. The court finds that such evidence may be relevant to the condition of Terra Gator No. 1 when Quality Feed received it, and also may be relevant to the issue of misuse, and thus the court denies defendant's motion in this regard.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion in limine **(doc. 78)** is granted in part and denied in part.

2. Defendant's motion in limine **(doc. 82)** is granted in part and denied in part.

Dated this 21st day of March, 2008, at Kansas City, Kansas.


    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge